UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60633-CIV-COOKE/BANDSTRA

MERRILL LYNCH CREDIT CORP.,

    *Plaintiff*,

v.

KARIN LENZ, *et al.*,

    *Defendants.*

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL AND GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S NOTICE OF WITHDRAWAL

THIS CASE is before me on Plaintiff Merrill Lynch Credit Corp.'s Notice of Voluntary Dismissal Without Prejudice [D.E. 70], which I have construed as a Motion for Voluntary Dismissal Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) and on Defendant United States' Motion to Strike Plaintiff's Notice [D.E. 72]. Having considered the motion, the record, and the relevant legal authorities, Plaintiff's Motion for Voluntary Dismissal is denied and Defendant's Motion to Strike is granted.

A plaintiff may dismiss an action without the court's approval, if the plaintiff files a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). After the opposing party serves an answer or a motion for summary judgment, a stipulation of dismissal signed by all parties who have appeared must be filed with the court, for a plaintiff to dismiss her claims. Fed. R. Civ. P. 41(a)(1)(A)(ii). Unless these conditions are satisfied, a court order is required for a plaintiff to voluntarily dismiss an action. Fed. R. Civ. P. 41(a)(2).

A court permitting a plaintiff to dismiss an action, after an answer or a motion for summary judgment is filed, must conclude that the terms of the dismissal are proper.  *See* Fed. R. Civ. P. 41(a)(2).  "A voluntary dismissal without prejudice is not a matter of right.  *Fisher v. P. R. Marine Mgmt, Inc.*, 940 F.2d 1502, 1502-03 (11th Cir.19991)(citing *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir.1990)); Fed.R.Civ.P. 41(a)(2).  "[T]he decision whether or not to grant such a dismissal is within the sound discretion of the district court."  *Fisher*, 940 F.2d at 1503.  A voluntary dismissal should be not allowed if "the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit."  *Id.* (citing *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967)).  Therefore, "when exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants."  *Id.*

The operative complaint in this case was filed on April 30, 2009 [D.E. 1].  On May1, 2009, Defendant United States of America ("United States")/Counter-Plaintiff filed their Answer and Counterclaim [D.E. 2], and on May 18, 2009, the remaining Defendants ("Lenz") filed their Answer to USA's Counterclaim and affirmative defenses.  Here, the Defendants oppose Plaintiff's Notice of Dismissal.  Accordingly, this matter cannot be dismissed without a court order.

Reviewing the record, it appears that the Defendants will suffer plain prejudice by allowing Plaintiff to withdraw without prejudice.  The parties have expended considerable resources to fully develop this case, over a period of more than a year.  They filed numerous motions in this case, including a motion for summary judgment.  They performed extensive discovery.  *McBride v. JLG Indus., Inc.*, 189 Fed. App'x. 876, 878 (11th Cir. 2006) (the district

court correctly considered the time that had passed since the case was filed, the many motions filed, and the discovery produced).

The record shows that Plaintiff filed its Notice of Voluntary Dismissal under the assumption that Plaintiff was no longer the holder of the mortgage and the note, and therefore, not the proper plaintiff in this case. However, by granting Plaintiff's request to dismiss the case now, this Court would allow Plaintiff to extricate itself from a suit, whose outcome is no longer favorable due to its own counsel negligence and poor lawyering. *McBride*, 189 Fed. App'x. at 878 (in order to deny plaintiff's Rule 41(a)(2) motion, the district court noted that plaintiff was seeking to avoid an adverse ruling on a motion for summary judgment).

Having found that Defendants would be prejudiced by a dismissal, it is therefore

**ORDERED and ADJUDGED** that Plaintiff's Notice of Voluntary Dismissal Without Prejudice construed as a Motion for Voluntary Dismissal Without Prejudice [D.E. 70] is **DENIED** and Defendant Motion to Strike Plaintiff's Notice is **GRANTED** [D.E. 72].

**DONE and ORDERED** in chambers, at Miami, Florida, this 25th day of May 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*