UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60633-CIV-COOKE/BANDSTRA

MERRILL LYNCH CREDIT CORP.,

    Plaintiff

vs.

KARIN LENZ, *et al.*,

    Defendants.

_____/

## OMNIBUS ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

THIS CASE is before me on the Parties' cross motions for summary judgment. I have reviewed the record, the arguments and the relevant legal authorities. For the reasons stated below Merrill Lynch Credit Corporation's Motion for Summary Judgment [ECF No. 123] is denied, the Motion for Summary Judgment filed on behalf of Karin Lenz, Randolph Lenz, Alass Investment Partners, Ltd. and Equity Investment Partners, LP [ECF No. 119] is denied as moot, and the United States of America's Motion for Summary Judgment [ECF No. 122] is granted.

### *I. BACKGROUND*

Plaintiff Merrill Lynch Credit Corporation ("Merrill Lynch") initiated this action to foreclose on its note (the "Note") and mortgage (the "Mortgage") on the real property owned by Defendant Karin Lenz ("Lenz"), located at 30 Compass Point, Fort Lauderdale, Florida 33308 (the "Property"). The United States of America (the "United States"), Equity Investment Partners ("Equity"), Alass Investment Partners ("Alass") and Randolph W. Lenz and were also named as defendants due to liens, mortgages, claims or demands they might have in the Property.

*History of Ownership of the Note and Mortgage*

On June 23, 1988, Alass executed and delivered the Note and Mortgage in favor of ICA Mortgage Corporation. (*U.S.'s Statement of Mat. Facts* ¶ 8 [ECF No. 122]; *Pl.'s Resp. in Op. to U.S.'s Statement of Mat. Facts* ¶ 1 [ECF No. 130]). ICA Mortgage Corporation recorded the Note on June 30, 1988. [*Id.*]. ICA Mortgage Corporation assigned the Mortgage to First Nationwide Bank with said assignment recorded on August 23, 1989. [ECF No. 122 ¶ 9]; [ECF No. 130 ¶ 1]. First Nationwide Bank assigned the Mortgage to Chemical Bank and Trust Company, with said assignment recorded on April 25, 1991. [ECF No. 122 ¶ 10]; [ECF No. 130 ¶ 1]. Alass and Chemical Bank and Trust executed a mortgage and note modification agreement that was recorded on July 5, 1991. [*Id.*]. Chemical Bank and Trust Company assigned the Mortgage to Merrill Lynch. [ECF No. 122 ¶ 11]; [ECF No. 130 ¶ 1]. Subsequent to Chemical Bank and Trust Company's assignment, Alass and Merrill Lynch executed a second mortgage modification. [*Id.*]. The assignment and the second mortgage modification were recorded on May 13, 1994.

Banker's Trust Company of California, N.A. ("Banker's Trust"), served as trustee of certain securitized mortgages that were sold as "Senior/Subordinate Mortgage Pass-Through Certificates Series 1994H." [ECF No. 122 ¶¶ 11-12]; [ECF No. 130 ¶ 1]. On June 24, 1994, Merrill Lynch placed the Mortgage into a Real Estate Investment Conduit ("REMIC") pursuant to a Pooling and Servicing Agreement it entered into with Banker's Trust. [*Id.*]. The Mortgage was transferred to Banker's Trust and assigned to the Senior/Subordinate Mortgage Pass-Through Certificates Series 1994H. [*Id.*]. The Note was also transferred to Banker's Trust. [*Id.*]. The assignment was documented, however, neither Merrill Lynch nor Banker's Trust recorded the assignment or transfer. [*Id.*]. On September 1, 1999, Alass transferred its ownership in the

Property to Defendant Randolph W. Lenz by warranty deed, with said transfer recorded on September 5, 2001.  (*Pl.'s Statement of Mat. Facts* [ECF No. 123 ¶ 7]).  On August 16, 2004, upon termination and liquidation of the REMIC, Merrill Lynch repurchased the Note and Mortgage.  [ECF No. 122 ¶ 16]; [ECF No. 130 ¶ 3].  Banker's Trust neither indorsed the Note to Merrill Lynch nor recorded the assignment. [ECF No. 122 ¶ ¶ 17,18]; [ECF No. 130 ¶ ¶ 4,5].  On October 21, 2004, Equity recorded another mortgage on the Property.  [ECF No. 122, ¶ 19].  On February 3, 2005, a warranty deed transferring title interest in the Property to Karin Lenz was recorded.  [*Id.* ¶ 20].  Karin Lenz increased the principal of her mortgage on the Property to $3,000,000.00 and recorded a mortgage modification agreement on August 12, 2005.  [*Id.* ¶ 21].[1]

A delegate of the Secretary of the Treasury of the United States of America assessed taxes, penalties, and interest against Karin Lenz for unpaid income taxes for the years 1990, 1992 and 1993.  [ECF No. 122 ¶¶ 1-3].  On August 16, 2005, the Internal Revenue Service recorded a Notice of Federal Tax Lien with respect to Lenz's 1990, 1992 and 1993 liabilities.  [*Id.* ¶ 7].  As of December 28, 2009, the reported amount due for these taxes was $3,099,426.79.  [*Id.* ¶ 6].

Karin Lenz defaulted under the covenants, terms and agreements of the Note.  Merrill Lynch has declared that the full amount payable under the Note be due and payable.  [ECF No. 1].  The outstanding balance of the Note, along with the outstanding tax liabilities remain due and owing to Merrill Lynch and the United States, respectively.  [ECF Nos. 1, 2].

***Procedural History***

Procedurally, this case presents itself to this Court in a somewhat awkward posture.  On March 30, 2009, Merrill Lynch filed a three-count complaint in state court seeking judgment to

---

[1] On August 23, 2005, a correction statement to the mortgage modification was recorded, correcting the name of the mortgagee from Equity Investment Partners, LLC to Equity Investment Partners, LP. [*Id.* ¶ 22].

foreclose the Mortgage (Count I), reestablish the lost Note (Count II) and reform the Mortgage, thus correcting an allegedly deficient legal description of the Property (Count III).  On April 30, 2009, the United States removed the case to this Court [ECF No. 1], and the next day filed a counterclaim against Karin Lenz, Equity and Alass to foreclose its tax liens on the Property. [ECF No. 2].

On May 15, 2009, Karin and Randolph Lenz (the "Lenz Defendants"), Alass and Equity filed a Motion to Dismiss Merrill Lynch's Complaint for Failure to State a Claim for Reestablishment of the Lost Note ("Motion to Dismiss").  [ECF No 4].  Merrill Lynch failed to oppose the Motion to Dismiss, even after this Court issued an order to show cause, and granted Merrill Lynch an extension of time to file a response in opposition to the Motion to Dismiss. [ECF Nos. 11, 12, 13].  On September 10, 2009, this Court granted the Motion to Dismiss as to the Lenz Defendants.  [ECF No. 18].

During late 2009 and early 2010, Merrill Lynch essentially dropped out of this litigation and failed to respond to discovery requests, prompting the Lenz Defendants, Alass, and Equity to file a motion to compel Merrill Lunch to respond to discovery, which Magistrate Judge Ted E. Bandstra granted.  [ECF Nos. 25, 31].  Further, Merrill Lynch failed to respond to Defendants' interrogatories and requests for admissions.  As a result, Merrill Lynch was deemed to have admitted that the United States' tax liens were superior to Merrill Lynch's Mortgage.  *See* Fed. R. Civ. P. 36(a).  Based on Merrill Lynch's "deemed admissions," the United States filed a Motion for Summary Judgment, contending that it was now undisputed that its liens were superior to those of all the other Defendants.  [ECF No. 26].

On January 11, 2010, Merrill Lynch moved to withdraw its deemed admissions, which was subsequently denied.  [ECF Nos. 33, 43].  On January 21, 2010, Merrill Lynch filed the

original Note with this Court to support its claim for foreclosure. [ECF No. 40]. Notwithstanding having physical possession of the Note before filing the Note with this Court, Merrill Lynch's counsel purportedly fell under the belief that Merrill Lynch was no longer the holder of the Note. Accordingly, Merrill Lynch filed a series of documents consistent with this belief, including a Notice of Voluntary Dismissal and a Motion for Return of the Promissory Note [ECF Nos. 58, 70]. On February 23, 2010, the Lenz Defendants, Alass, and Equity moved for summary judgment. [ECF No. 74].

In April 2010, Merrill Lynch purportedly realized that it was actually the holder of the Note and filed a Motion to Withdraw, Partially Strike or Serve Supplemental Authority. [ECF No. 100]. On June 15, 2010, this Court relieved Merrill Lynch of its deemed admissions regarding the issue of ownership of the Note and directed Merrill Lynch to seek leave to amend the Complaint "[i]f the discovery confirm[ed] that Merrill Lynch [was] the holder of the Note and Mortgage." [ECF No. 111].

Pursuant to the Court's modified Scheduling Order, "all fact discovery on the discrete issue of ownership of the Mortgage and the Note" was to be completed by July 12, 2010. [ECF No. 112]. Merrill Lynch filed its Motion for Leave to File an Amended Complaint on July 22, 2010, and claimed that discovery affirmatively established that Merrill Lynch reacquired the Note and Mortgage when it purchased the REMIC assets in 2004. [ECF No. 116]. On August 2, 2010, Merrill Lynch submitted its Motion for Summary Judgment, attaching as an exhibit an allonge documenting the transfer of the Note and Mortgage from Deutsche Bank, as successor trustee to Banker's Trust, to Merrill Lynch. [ECF No. 123]. That same day, the Defendants also submitted Motions for Summary Judgment. [ECF Nos. 119, 122]. On August 25, 2010, this Court granted Merrill Lynch's motion to file its Amended Complaint, which was duly filed on

September 2, 2010. [ECF No. 138]. The Amended Complaint does not reference the allonge.

## II.  LEGAL STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once this burden has been met the non-moving party must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.*

Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citations omitted). The Court, however, must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue of material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1140 (11th Cir. 2007). Conclusory allegations, unsupported by specific evidence, will be insufficient to establish a genuine issue of

material fact to defeat a motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

### III.  DISCUSSION

The Note and Mortgage at issue in this case have been subject to numerous recorded and unrecorded assignments, modifications and transfers.  The resulting confusion regarding ownership and priority of interests has left the parties to question Merrill Lynch's right to foreclose on the Mortgage.  Merrill Lynch now argues that it is entitled to foreclosure on the Property as a matter of law and asserts that it has priority over the United States' federal tax lien.  Alass, Equity and the Lenz Defendants argue that summary judgment should be granted in their favor because Merrill Lynch has failed to conclusively establish that it has standing to foreclose on the Property.  Lastly, the United States argues that Merrill Lynch does not have a perfected security interest in the Property, thereby rendering the Mortgage subordinate to the federal tax lien under federal and state law.

***Merrill Lynch Lacks Standing to Foreclose on the Property***

The proper party with standing to foreclose on real property is the holder of the note and mortgage on that property.  Fla. Stat. § 673.3011.  Standing is to be determined when the lawsuit is filed.  *Paradise Creations, Inv. v. UV Sales, Inc.*, 315 F.3d 1304 (11th Cir. 2003) (citing *Lujan*, 504 U.S. at 570); *see also Keene Corp. v. United States*, 508 U.S. 200, 207, (1993) ("[T]he jurisdiction of the Court depends on the state of things at the time of the action brought").  When a party lacks standing, a court is without subject matter jurisdiction over the dispute.  *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Core Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991)).

Throughout the pendency of this litigation, Merrill Lynch has been given numerous

opportunities to correct factual deficiencies regarding its standing to foreclose on the Property. Yet and still, Merrill Lynch has failed to concretely establish it was the owner of the Note when it filed the Amended Complaint. The Note attached to the Amended Complaint contains an indorsement assigning the Note to Banker's Trust.[2] The face of the Note conflicts with the Amended Complaint's allegations that Merrill Lynch is entitled to foreclosure as a matter of law. When exhibits are attached to a complaint, the contents of the exhibits control over the allegations of the complaint. *Associated Builders, Inc. v. Ala. Power Co.* 505 F.2d 97 (5th Cir. 1974).[3] Notwithstanding the lack of direct evidence that Merrill Lynch is the holder of the Note, Merrill Lynch argues that there is sufficient circumstantial evidence to prove it has standing to foreclose. It is apparent, however, that Merrill Lynch's argument in favor of summary judgment rests on the assumption that a valid assignment or transfer of the Note existed at the time Merrill Lynch filed its Amended Complaint. Summary judgment, however, is appropriate only upon record proof, not assumptions.

Merrill Lynch relies on a document purported to prove it purchased the REMIC assets. [ECF No. 130-5]. However, this document does not show that the Note and Mortgage were part of the REMIC's pool of assets. In the alternative, Merrill Lynch claims that physical delivery of the Note from Banker's Trust is enough to vest it with the right to foreclose. In support of its argument, Merrill Lynch cites Section 673.2031, Florida Statutes, entitled "Transfer of

---

[2] "Pay to the order of Bankers Trust Company of California, N.A., as trustee, under that certain Pooling and Servicing Agreement Dated as of November 1, 1994, for Senior Subordinate Mortgage Pass-Through Certificates, Series 1994B (MLCC Mortgage Investors, Inc., Seller) without recourse." Signed: Catee W. Ingwersen, Vice President, Merrill Lynch Credit Corporation.

[3] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

instrument; rights acquired by transfer" which provides:

> (1) An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving the person receiving delivery the right to enforce the instrument.
>
> (2) Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.
>
> (3) Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of indorsement by the transferor, the transferee has a specifically enforceable right to the unqualified indorsement of the transferor, but negotiation of the instrument does not occur until the indorsement is made.

The face of the Note contains a special indorsement requiring the transfer to be properly negotiated by delivery and indorsement. Fla. Stat. § 673.2051.[4] In this context an instrument is properly "negotiated" when there is a "transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer who thereby becomes its holder." Fla. Stat. § 673.2011(1). "Except for negotiation by remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to a bearer, it may be negotiated by possession of transfer alone." Fla. Stat. § 673.2011(2).

In an effort to establish standing, Merrill Lynch attached an allonge that reflects an indorsement of the Note to Merrill Lynch.[5] [ECF No. 123-8]. Prior to its appearance in Merrill

---

[4] If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement." When specifically indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person. The principles stated in s. 673.1101 apply to special indorsements.

[5] An allonge is defined as a "slip of paper sometimes attached to a negotiable instrument for the

Lynch's Motion for Summary Judgment, the allonge was not on file, not mentioned in the pleadings, and never alluded to in any depositions or interrogatories. Neither the Court nor the Defendants were notified of its existence. In addition, the exhibit was not accompanied by an affidavit to authenticate it under Fed. R. Civ. P. 56(e).[6]

A defect in standing cannot be cured after the inception of the lawsuit. *Paradise Creations, Inv.*, 315 F.3d 1304. Merrill Lynch cannot rely on the unauthenticated allonge to retroactively claim enforceable foreclosure rights. *See Booker v. Sarasota, Inc.*, 707 So. 2d 886, 889 (Fla. Dist. Ct. App. 1998). Accordingly, this Court lacks subject matter jurisdiction and Merrill Lynch's Amended Complaint is therefore dismissed without prejudice. *Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d at 1232 (citing *Crotwell v. Hockan-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984).

***Superiority of the Mortgage and Tax Lien***

The well-established rule governing priority of lien interests is "the first in time is the first in right." *United States v. City of New Britain*, 347 U.S. 81, 85 (1954); *See also Atlantic States Const., Inc. v. Hand, Arendall, Bedsole, Greaves and Johnston, et al.*, 892 F.2d 1530, 1534 (11th Cir. 1990). The relative priority of a federal tax lien is assessed by determining whether a

---

purpose of receiving further indorsements when the original paper is filled with indorsements." Black's Law Dictionary (9th Ed. 2009); *accord Booker v. Sarasota, Inc.*, 707 So. 2d 886, 887 (Fla. Dist. Ct. App. 1998).

[6] Merrill Lynch also filed a motion to append or affix the allonge to the original Note on file with this Court. Defendants contend that the allonge is invalid because Merrill Lynch failed to show that there was no room on the Note for indorsement and that the allonge is not affixed to the Note as to become part of the Note itself. An indorsement on an allonge is valid even when "there is sufficient space on the instrument for an indorsement." U.C.C. § 3-204 cmt. (2002). In addition, the Note is on file with this Court, thereby making any direct indorsement on the Note impossible.

security interest existed prior to the recording of the tax lien. 26 U.S.C. § 6323(a).[7] Section 6323(h) defines a "security interest" as "any interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability." 26 U.S.C. § 6323(h)(1). A federal tax lien has priority over a competing security interest if that interest is not "protected under state law" and that holder has not "parted with money" in connection with that interest. *Id.* The parties do not contest the fact that Merrill Lynch purchased the Mortgage in 2004, despite the lack of record evidence that the Note and Mortgage were included in the REMIC liquidation. The parties do, however, contest whether Merrill Lynch's Mortgage is a protected security interest.

A mortgage qualifies as a security interest only if it is protected under local law from all hypothetical judgment lien creditors. *In re Haas*, 31 F.3d 1081, 1087 (11th Cir. 1994). Merrill Lynch claims that Florida law conferred an "equitable right" to enforce the Note when it was transferred in 2004. *See Parr v. Ft. Pierce Bank & Trust Co.*, 130 So. 445 (Fla. 1930) ("When a note is handed over for valuable consideration, the indorsement is mere form; the transfer for consideration is the substance; it creates an equitable right, and entitles the party to call for the form."). The appropriate standard is not whether the transfer conferred an equitable right but rather whether that equitable right is effectual against the federal tax lien in accordance with Florida's recording statute.

> An assignment of a mortgage upon real property or of any interest therein, is not good or effectual in law or equity, against creditors or subsequent purchasers, for a valuable consideration, and without notice, unless the assignment is contained in a document that, in its title, indicates an assignment of mortgage and is recorded according to law.

---

[7] A federal tax lien "shall not be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof … has been filed by the Secretary." 26 U.S.C. §

Fla. Stat. § 701.02(1).[8]  Merrill Lynch incorrectly maintains that the "recording requirement is not intended to protect one claiming under a mortgagor," thereby rendering Fla. Stat. § 701.02 inapplicable in this case.  Although the Eleventh Circuit has held that the recording statute does not protect a party claiming under the mortgagor, i.e. a bankruptcy trustee, Florida's recording requirement *is* applicable to competing creditors.  *See Kapila v Atlantic Mortgage & Investment Corp. (In re Halabi)*, 184 F.3d 1335, 1338 (11th Cir. 1999).   Moreover, section 701.02 is applicable because the United States is a bona fide creditor who is put "in the shoes of any subsequent judgment creditor." *See In re Hass*, 31 F.3d at 1089.  Accordingly, to establish priority over the federal tax lien, Merrill Lynch must show that the 2004 transfer of the Mortgage was documented and recorded, and the United States had notice of Merrill Lynch's equitable rights in the Property. Fla. Stat. § 701.02(1).

There is no evidence that the transfer of the Mortgage to Merrill Lynch was documented or recorded.  Therefore, the only remaining inquiry left before this Court is whether the United States had notice of Merrill Lynch's equitable interests before the Internal Revenue Service recorded the federal tax lien in 2005.  There are three forms of notice recognized under Florida law: express actual notice, implied actual notice and constructive notice.  *Smith v. F.D.I.C.*, 61 F.3d 1552, 1557 (11th Cir. 1995).  There is no dispute that the United States did not acquire express actual notice of the 2004 assignment of the Note until this action was filed.  In addition, the United States did not have implied actual notice of the 2004 assignment.  Implied actual notice is a factual inference drawn "from the fact that the person had a means of knowledge, which it was his duty to use and which he did not use" to uncover the information with which he is charged.  *Smith*, 61 F.3d at 1588.  "In order to charge a person with notice of information

---

[8] The recording requirment "also applies to assignments of mortgages resulting from transfers of all or any part or parts of the debt, note or notes secured by mortgage." Fla. Stat. 701.02(2).

which might have been learned by inquiry, the circumstances must be such as should reasonably suggest inquiry. *Id.* (citing *Rafkind v. Beer*, 426 So.2d 1097, 1099 (Fla. Dist. Ct. App. 1983)). There can be no implied actual notice where a reasonably diligent inquiry outside of the record, if conducted, would not have revealed facts demonstrating the existence of an unrecorded interest. *Id.* Given the factual evidence before this Court, at best, a reasonably diligent inquiry outside of the record chain of title would have revealed that Merrill Lynch transferred the Mortgage into the REMIC and assigned the Note to Banker's Trust in 1994. Such an inquiry would not have revealed that Merrill Lynch reacquired the Note and Mortgage in 2004.

Merrill Lynch argues that its interest in the Note and Mortgage is superior to that of the United States because it was in possession of the Note. Possession, however, does not constitute notice, constructive or otherwise. *Tyler v. Johnson*, 55 So. 870 (Fla. 1911). "Constructive notice is a legal inference, and it is imputed to creditors and subsequent purchasers by virtue of any document filed in the grantor/grantee index – the official records." *Smith*, 61 F.3d at 1588 (citing *Dunn v. Stack*, 418 So.2d 345, 349 (Fla. Dist. Ct. App. 1982), *rev'd on other grounds*, 444 So. 2d 935 (Fla. 1984)). The official records provide "constructive notice to creditors and subsequent purchasers not only of its own existence and contents, but of such other facts as those concerned with it would have learned from the record, if it had been examined, and inquiries suggested by it, duly prosecuted, would have disclosed." *Zaucha v. Town of Medley*, 66 So. 2d 238, 240 (Fla. 1953).

Merrill Lynch claims that constructive knowledge of the previous recorded assignment is sufficient to assert priority over the federal tax lien. Merrill Lynch, however, lost the right to assert priority of that perfected security interest when it assigned and transferred the Note and Mortgage to Banker's Trust. This cause of action is predicated on the equitable interests Merrill

Lynch acquired in 2004. The assignment recorded in 1994 does not provide a sufficient legal inference that would impute constructive notice of Merrill Lynch's non-continuous interest in the Property.

In the alternative, Merrill Lynch also argues that it is entitled to priority over the federal tax lien because it has paid taxes on the Property since 2004. Unlike tax warrants and tax executions, tax payments are not recorded in the grantor/grantee index in Florida, and therefore are not part of the chain of title. *See Klinger v. Milton Holding Co.*, 186 So. 526, 534 (1938). The inspection of tax assessor records is not a mandatory precondition to acquiring protected status under Florida's recording statutes. *Smith*, 61 F.3d at 1559. "Such records consequently cannot give constructive notice." *Id.*, n. 14. Accordingly, the United States was not on notice of the 2004 transfer the Mortgage to Merrill Lynch, Merrill Lynch's equitable interest is not a perfected "security interest" within the meaning of 26 U.S.C. § 6323(h)(1). The federal tax lien is therefore entitled to priority over the Mortgage.[9]

### IV. CONCLUSION

For the reasons stated above, I hereby **ORDER and ADJUDGE** as follows:

1. The Amended Complaint [ECF No. 138] is **DISMISSED** *without prejudice.* Accordingly, Merrill Lynch's Motion for Summary Judgment [ECF No. 123] is **DENIED** *as moot*.

2. The Motion for Summary Judgment filed on behalf of Karin Lenz, Randolph Lenz, Alass Investment Partners, Ltd. and Equity Investment Partners, LP [ECF No. 119] is

---

[9] Equity no longer has a competing interest in this dispute. On July 28, 2010, Judge Cecilia M. Altonago set aside the Notes and Mortgages held by Equity because they were "fraudulent transfers under Florida Statutes § 726.105(1)" and were "made with the intent to delay, hinder, or defraud the IRS." *Equity Investment Partners, LP v. Lenz, et al.*, Case No. 08-60630-CIV-ALTONAGA. (*Order Setting Forth Findings of Fact and Conclusions of Law* [ECF No. 114]).

**DENIED** *as moot*.

3. The United States' Motion for Summary Judgment [ECF No. 122] is **GRANTED**.

4. The Clerk shall **CLOSE** this case.

5. All pending motions, if any, are **DENIED** *as moot*.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of November 2010.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*All Counsel of Record*